**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DENNIS R. LARKIN,** | 1:09-CV-01280-OWW-DLB |
| Plaintiff, | **MEMORANDUM DECISION ON DEFENDANTS' MOTION TO DISMISS (Doc. 5)** |
| v. | |
| **SELECT PORTFOLIO SERVICING, INC.,** | |
| Defendant. | |

## I. INTRODUCTION

Before the court for decision is Defendant Select Portfolio Servicing, Inc.'s motion to dismiss Plaintiff's Complaint for failure to state a claim or, alternatively, for a more definite statement. Plaintiff Dennis R. Larkin, proceeding *pro se*, did not oppose the motion.

## II. BACKGROUND

This matter involves a dispute between Plaintiff Dennis R. Larkin ("Larkin") and Defendant Select Portfolio Servicing, Inc. ("SPS"), a residential mortgage servicing company headquartered in Salt Lake City, Utah. The dispute concerns a mortgage loan obtained by Plaintiff on real property located at 6627 West Morris Avenue, Fresno, California. According to the complaint, SPS serviced the mortgage and was unresponsive to Plaintiff's attempts

1

to avoid delinquency and obtain an "in-house loan modification."

On June 2, 2009, Plaintiff filed the instant action in the Superior Court of California, County of Fresno, alleging four causes of action: (1) Non-Compliance; (2) Violation of California Civil Code 1288; (3) Breach of Fiduciary Duty; and (4) Legal True Beneficiary. Plaintiff seeks to recover costs of suit and a "declaration that the Defendant must produce a copy of the servicing agreement to identify the true beneficiary." Plaintiff also requests preliminary and permanent injunctions to prevent Defendant "from foreclosing on Plaintiff's home or from conducting a trustee's sale or causing a trustee's sale to be conducted relative to Plaintiff's home."

On July 22, 2009, this case was removed on the basis of federal question jurisdiction. The notice of removal asserts that Plaintiff's action is founded on claims arising under federal laws, including the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Alternatively, the notice provides that removal is proper because "this is a civil action between citizens of different states and the manner [sic] in controversy exceeds the sum of $75,000."

Defendant filed this motion on July 27, 2009. Plaintiff did not oppose the motion.

### III.  LEGAL STANDARD

Defendant SPS attacks Plaintiff's claims as incognizable and lacking necessary elements and factual allegations. Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be made and granted when the complaint fails "to state a claim upon which

relief can be granted." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citation and quotation marks omitted).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State*

3

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, --- F.3d ----, 2009 WL 1978730, at *3 (9th Cir. July 10, 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity.  We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows:  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 2009 WL 2052985, at *6 (9th Cir. July 16, 2009) (internal quotation marks omitted).

### IV.   DISCUSSION

**A. Non-Compliance (Count I)**

The complaint's first claim alleges that Defendant was "non-complaint" because it "refused to negotiate in good faith [and] a proper assessment by the Defendant would have shown the Plaintiffs financial situation prohibits him from committing to any increase of the current mortgage."  The complaint alleges that this conduct, Defendant's purported failure to negotiate in good faith, violated California Civil Code §§ 2823.6(b), 2923.6, 2924b(b)1, and 2924b(b)(2).[1]  Defendant moves to dismiss Plaintiff's first claim

---

[1] It appears Plaintiff intended to bring his claim under California Civil Code § 2923.6(b), not § 2823.6(b).  Section 2823.6(b) is not part of California's Civil Code.  Plaintiff also

**4**

because "[b]eyond mere recitation of the section number and text of the statute, Plaintiff fails to state any facts in support of the purported violations." Defendant is correct.

Defendant observes the absence of any factual allegations to identify a violation of §§ 2823.6(b), 2923.6, 2924b(b)1, and 2924b(b)2. For example, to support a violation of §§ 2924b(b)1 and 2924b(b)2, which set forth the notice requirements for a "Notice of Default" and "Notice of Sale," the complaint alleges only that Defendant "did not comply" with §§ 2924b(b)1 and 2924b(b)2. No other facts are alleged. The complaint does not allege Defendant participated in the notice of default or notice of trustee sale; the complaint also fails to identify who issued and recorded the notice of default, if it occurred. Under *Iqbal*, because the complaint does not include a single factual allegation that Defendant was the "person or party authorized to record the notice of default or the notice of sale," the claim does not provide sufficient allegations for a viable claim under § 2924b(b)1 or § 2924b(b)2.

The same is true as to the remaining allegations of the first claim. Section 2923.6 states that a loan servicer acts in the best interests of the all parties if it agrees to or implements a loan modification where the (1) loan is in payment default, and (2) anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis. Section 2923.6(b), states that "it is the intent of the Legislature that the mortgagee, beneficiary, or

---

sets forth the text of § 2923.6(b) in his complaint.

5

authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority." Although the complaint references Plaintiff's attempts to "mediate" and/or "negotiate," it fails to specify how Defendant's purported conduct is actionable under §§ 2923.6 and 2923.6(b).  There are no facts bearing on Defendant's failure to "act in the best interest of the parties" or whether Defendant's loan modifications, if they occurred, triggered § 2923.6.  The complaint is equally silent to how and why Defendant's purported conduct violated the "legislative intent" enumerated in § 2923.6(b).

A claim is plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. 1937, 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570.).  The complaint's first claim for non-compliance does not meet this burden.  The motion to dismiss is GRANTED.

B. <u>Violation of California Civil Code § 1788 (Count II)</u>

The complaint's second claim alleges that "Defendants violated the Rosenthal Act [and] 15 U.S.C.A. 1962d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of an alleged debt." Although unclear, the complaint appears to allege that Defendant engaged in abusive debt collection practices in violation of federal and state laws regulating debt collection.  In this context, however, the complaint's second claim fails for the same reasons as its first, namely that Plaintiff has not pled any facts

6

that would even suggest that Defendant engaged in unlawful debt collection practices.

Although the complaint alleges that Defendant used "unfair or unconscionable means to collect a debt," these are conclusions of law. Plaintiff has not alleged one fact concerning the frequency, timing, or methods of Defendant's debt collection practices – or even that it was a "debt collector." The only debt collection "fact" asserted against Defendant is that "Plaintiff has not received any communication regarding the loan modification or work out plan," which is not indicative of improper debt collection practices under either federal or state debt collection statutes. In addition, the complaint's allegations that Defendant "used deceptive means" to collect a debt are conclusory and severely underdeveloped. There is not one fact to indicate how or in what matter Defendant regularly engaged in the challenged practice.

It also appears that Defendant is not a "debt collector" under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. FDCPA regulates only "debt collectors." *See 15 U.S.C. §§ 1692(e)-(f)*. "Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6). "Debt Collector" does not include persons who collect debt "to the extent such activity ... (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person ...." § 1692a(6)(F). FDCPA's definition of

7

debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Nothing in the complaint suggests that Defendant is a "debt collector" under the FDCPA. Plaintiff's allegations do not trigger the FDCPA.

The complaint's second claim neither identifies Defendant as a "debt collector" nor that Defendant's purported wrongs violate any federal or state debt collection statutes. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. 1937, 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The complaint's second claim states no cognizable claim and is DISMISSED.

### C. Breach of Fiduciary Duty (Count III)

The complaint's breach of fiduciary duty claim alleges that Defendant breached its fiduciary duty by "plac[ing] themselves in a position of great trust by virtue of expertise represented by and through its employees [and] act[ing] and continu[ing] to act for their own benefit and to the detriment of Plaintiff."

Fatal to Plaintiffs' fiduciary duty claim is the absence of a fiduciary duty between lender and borrower. "The relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark*, 231 Cal. App. 3d at 1093, n. 1 (citing *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476-478 (1989)). A commercial lender is entitled to pursue its own

8

economic interests in a loan transaction. *Nymark*, 231 Cal. App. 3d at 1093, n. 1 (citing *Kruse v. Bank of America*, 202 Cal. App. 3d 38, 67, 1988)). Absent "special circumstances" a loan transaction is "at arms-length and there is no fiduciary relationship between the borrower and lender." *Oaks Management*, 145 Cal. App. 4th at 466 ("the bank is in no sense a true fiduciary").

"[T]o plead a cause of action for breach of fiduciary duty, there must be shown the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach. The absence of any one of these elements is fatal to the cause of action." *Pierce v. Lyman*, 1 Cal.App.4th 1093, 1101 (1991).

Here, the complaint fails to demonstrate existence of a fiduciary duty. In the absence of alleged special circumstances and a legal duty owed by Defendant, the breach of fiduciary duty claim fails. Defendant's motion to dismiss the breach of fiduciary claim is GRANTED.

### D. Legal True Beneficiary (Count IV)

The complaint's fourth claim is comprised of one paragraph entitled "Legal True Beneficiary":

> The proper true beneficiary has not be identified, Plaintiff has requested documentation that demonstrates the Defendant is the true beneficiary, this request includes all transfers and proper recording of those transfers and a copy of the Defendants servicing agreement that will outline all rights and authorities given to the defendants.

(Compl. 7:5-7:11.)

The complaint's fourth cause of action for "Legal True Beneficiary" requests "documentation" demonstrating that Defendant

is the true beneficiary. It also requests all transfers, the proper recording of such transfers, and copies of the servicing agreements. Defendant correctly notes that this claim merely states a request for relief, not a cause of action. It fails for that reason. It also fails because it appears to be premised on the complaint's other flawed claims. The fourth claim is **DISMISSED**.

### E. Attempt At Amendment

Plaintiff's claims are incognizable or barred as a matter of law. Plaintiff is unable to cure his claims by allegation of other facts and thus is not granted an attempt to amend. Defendant Select Portfolio Servicing, Inc.'s motion is **GRANTED WITH PREJUDICE**.

### F. Motion For a More Definite Statement

Defendant, in the alternative, moves for a more definite statement under Fed. R. Civ. Proc. 12(e) on grounds that the complaint consisted of "conclusive statements which are not enough to state a claim for relief." Any issues concerning sufficiently pled causes of action have been addressed in the 12(b)(6) analysis above. Defendant's alternative motion for more definite statement is **MOOT**.

### V. CONCLUSION.

For the reasons stated:

(1) The action against Select Portfolio Servicing, Inc. is **DISMISSED** with prejudice.

10

**Defendant Select Portfolio Servicing, Inc. shall submit a form of order consistent with, and within five (5) days following electronic service of, this memorandum decision.**

<u>IT IS SO ORDERED.</u>

**Dated:    October 21, 2009                /s/ Oliver W. Wanger**
<u>                                                        UNITED STATES DISTRICT JUDGE</u>